**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AARON THOMPSON, | ) | |
| | ) | Civil Action No. 2: 15-cv-00714 |
| Plaintiff, | ) | |
| | ) | United States District Judge |
| v. | ) | Mark R. Hornak |
| | ) | |
| UNITED STATES OF AMERICA, et al. , | ) | United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| | ) | |
| Defendants. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

## I.    RECOMMENDATION

It is recommended that this prisoner lawsuit filed under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),[1] and the Federal Tort Claims Act, 28 U.S.C. § 2671, et. seq., be transferred pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the Middle District of Pennsylvania.

## II.    REPORT

### A.    Background

Aaron Thompson ("Thompson") is a federal inmate currently incarcerated at the Satellite Camp of United States Penitentiary Hazelton ("USP-Hazelton"), in Bruceton Mills, West Virginia, which is located within the territorial limits of the United States District Court for the Northern District of West Virginia. Thompson brings three claims, all of which arose from incidents which occurred while he was incarcerated at the Federal Prison Camp, referred to as

---

[1]    Although the Complaint seeks relief under 42 U.S.C. § 1983, the case implicates *Bivens* because Plaintiff is not suing any state actors or agencies.  Rather, he is suing the United States, the Bureau of Prisons, FCI Schuylkill, and several federal officers.

1

FPC Schuylkill, in Minersville, PA, which is located within the territorial limits of the United States District Court for the Middle District of Pennsylvania.

### B.    Venue

In cases, such as this one, in which subject matter jurisdiction is not founded solely on the parties' diversity of citizenship, the federal venue statute holds venue proper only in the following districts:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  The Court finds that venue is improper in this district.  First, the complaint reflects that none of the defendants are located in this district. Thus, the first requirement has not been met.  Venue is also improper under the second requirement since a "substantial part" of the events giving rise to Thompson's claims did not occur in the Western District of Pennsylvania.  In fact, none of the complained of conduct giving rise to Thompson's claims occurred in the Western District of Pennsylvania.   Venue is also inappropriate under the third requirement because none of the defendants can be found in the Western District of Pennsylvania. In sum, this district is an improper venue under § 1391(b) for the claims brought in this lawsuit.

### C.    Transfer Under 28 U.S.C. § 1406(a)

Having determined that venue in this case is improper in this district, the Court must decide whether to dismiss the case or transfer the case  to a district where venue is properly laid, pursuant to 28 U.S.C. § 1406(a). That statute provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

A court retains the power to transfer a case from an improper venue to a proper venue even where it lacks personal jurisdiction over the defendants. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465 (1962).

As an initial matter, is clear that this action could have been brought in the Middle District of Pennsylvania. All of the relevant activity in this case occurred while Thompson was incarcerated at FPC-Schuylkill.

Next, the Court must choose whether to transfer the case to the Middle District of Pennsylvania or dismiss the case outright. "In most cases of improper venue, the courts conclude that it is in the interest of justice to transfer to a proper forum rather than to dismiss the litigation." 14D Wright & Miller § 3827 at 540 (4th ed. 2013); *see also  Holiday v. Bally's Park Place, Inc.*, No. 06–4588, 2007 WL 2600877, at *2 (E.D.Pa. Sept.10, 2007) ("Generally, transfer to the proper forum is preferable to outright dismissal because it prevents repetitive motion practice and unnecessary costs."). This case is no different. Transfer in this case will save the time and expense associated with instituting a new lawsuit.  *See Decker v. Dyson*, 165 F. App'x 951, 954 n.3 (3d Cir. 2006) (district court may *sua sponte* transfer case under § 1406(a));   *Cf. Ray v. Kertes,* 285 F.3d 287, 297 (3d Cir. 2002) (indicating that a district court may address affirmative defenses that are "apparent from the face of the complaint.")

Thus, in the interest of justice, the Court recommends that this case be transferred to the United States District Court for the Middle District of Pennsylvania.

**III.    Conclusion**

For the foregoing reasons, it is respectfully recommended that this case be transferred to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1406(a).

3

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b) (1), and Local Rule 72, Plaintiff is   permitted to file written objections to this Report and Recommendation within fourteen (14) days after date of service. Failure to timely file objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

It is also recommended that a ruling on Plaintiff's *in forma pauperis* motion be deferred to the transferee court.


/s Cynthia Reed Eddy
CYNTHIA REED EDDY
United States Magistrate Judge


Dated:  June 11, 2015


cc:      AARON THOMPSON
         17310-014
         P.O. Box 2000
         Bruceton Mills, WV 26525-2000
         (via U.S. First Class Mail)